*This case was not selected for publication in the Federal Reporter*
*NOT FOR PUBLICATION*

**UNITED STATES of America, Plaintiff—Appellee,**

v.

**William Bruce San Miguel FLORES, Defendant—Appellant.**

**No. 05–10751.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 14, 2006 *.

Filed Nov. 28, 2006.

Jeffrey J. Strand, Esq., U.S. Dept. of Justice, Office of the U.S. Attorney, Hagatna, GU, for Plaintiff–Appellee.

David J. Highsmith, Law Office of David J. Highsmith, Hagatna, GU, for Defendant–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: TROTT, WARDLAW, and W. FLETCHER, Circuit Judges.

### MEMORANDUM **

William B. San Miguel Flores appeals his eight-month sentence following his guilty plea conviction for conspiracy to launder money, in violation of 18 U.S.C. § 1956(h). Flores argues that the district court judge should have recused himself under 28 U.S.C. § 455(a), which requires that any judge "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Because we find that there was no bias, or appearance of bias, on behalf of the district court, we affirm.

■ We reject Flores's argument that the district court judge demonstrated bias during the sentencing hearing by making remarks regarding corruption in Guam. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). During the sentencing hearing, the district court's statements regarding the political corruption in Guam stemmed from the two trials conducted in his courtroom involving the illegal activities of the defendants, both former public officials. Flores was a Senator in Guam and his coconspirator in the mon-

ey laundering scheme was the Chief of Staff to the Governor of Guam. Moreover, there were no statements made by the district court that displayed a "deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

■ Contrary to Flores's assertion, the district court, while finding Flores and his co-conspirator equally culpable for the crime to which Flores pleaded guilty, nevertheless expressly accounted for Flores's cooperation, sentencing him to eight months imprisonment in the face of a guideline range of thirty to thirty-seven months. By contrast, Flores's co-conspirator, who did not plead guilty and whose guideline range was fifty-one to sixty-three months, was sentenced to thirty-two months. That the district court did not further downward depart as the government requested does not evidence bias against Flores, but rather, exercise of judgment based on the evidence presented at trial and the pre-sentence report.

We, therefore, affirm the district court's sentence.

AFFIRMED.

*This case was not selected for publication in the Federal Reporter*
*NOT FOR PUBLICATION*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.